886 F.2d 1317
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dale VEACH, Petitioner-Appellant,
v.
AL PARKE, Respondent-Appellee.
 No. 89-5159.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1989.
 
 Before KEITH, NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 William Dale Veach, a pro se Kentucky prisoner, appeals the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254.
 
 
 3
 Challenging the constitutionality of his ten year sentence, imposed following his guilty plea to a charge of assault and of being a persistent felony offender, Veach alleged that his guilty plea and waiver of a jury trial were not knowing and voluntary because they resulted from the ineffective assistance of his counsel. Veach specifically asserted that his counsel erroneously advised him to plead guilty based on an incorrect interpretation of the law, his counsel never advised him of the penalty he was facing, neither his counsel nor the trial court advised him of his possible defenses to the charge, and the trial court failed to advise him of the essential elements of the charged offenses.
 
 
 4
 Following review of the magistrate's report and Veach's objections, the district court adopted the magistrate's recommendations and dismissed the case. Veach has filed a timely appeal, raising the same issues which were before the district court and also seeking the appointment of counsel.
 
 
 5
 Upon review, we conclude the district court properly dismissed Veach's habeas petition for the reasons stated by it. Veach entered a knowing, voluntary, and intelligent guilty plea that was not the product of the ineffective assistance of his counsel. See Boykin v. Alabama, 395 U.S. 238, 242-43 (1969); Berry v. Mintzes, 726 F.2d 1142, 1146 (6th Cir.), cert. denied, 467 U.S. 1245 (1984).
 
 
 6
 Prior to entering his plea, Veach signed a "Waiver and Petition to Enter Guilty Plea." The petition addressed all aspects surrounding the plea and specifically recites that Veach had seen and understood the indictment against him, that he had discussed the offense with his attorney and understood the charge against him, knew what the state would have to prove to convict him, and was aware of the elements of the charged offenses; that he had been informed of the possible defenses against him, was aware of the maximum penalty he was facing, was aware of the rights he was waiving as a result of his plea, and was not making the plea based upon threats, coercion, or payment of consideration; and finally, that Veach was aware of his guilt and was making no claim of innocence. Further, the petition also states that Veach had completed one year of college. Therefore, we conclude that the record reflects a full understanding on the part of Veach of the direct consequences of his plea such that the plea represents a voluntary and intelligent choice among the alternatives. North Carolina v. Alford, 400 U.S. 25, 31 (1970).
 
 
 7
 Further, the contention of Veach that his guilty plea was the product of the ineffective assistance of counsel is unsupported by the record. To establish ineffective assistance of counsel in a guilty plea context, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense such that there is a reasonable probability that but for counsel's error, the defendant would not have pleaded guilty and would have insisted on going on trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.), cert. denied, 108 S.Ct. 198 (1987).
 
 
 8
 Veach's claim that his counsel was ineffective because counsel incorrectly advised him that unconsciousness was not a defense to assault under Kentucky law, is at odds with his statements in the "Waiver and Petition" that he had discussed all possible defenses with his trial counsel and was satisfied with counsel's performance. In this instance, Veach did not raise the allegations of ineffective assistance of counsel until after sentencing. Since this subsequent presentation of conclusory allegations is unsupported by the record, it is subject to summary dismissal. See Blackledge v. Allison, 431 U.S. 63, 74 (1977).
 
 
 9
 Based upon review of the entire record, we conclude that Veach has failed to demonstrate either that counsel's performance was deficient or that but for counsel's erroneous performance he would not have pleaded guilty and would have insisted going to trial.
 
 
 10
 Accordingly, Veach's motion for the appointment of counsel is denied and the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.